UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARTHUR J. BREWER,<br>    #92603 | )<br>)<br>) | |
|     Plaintiff, | )<br>) | 2:10-cv-01111-RLH-RJJ |
| vs. | )<br>) | **ORDER** |
| STEVEN D. GRIERSON, *et al.*, | )<br>) | |
|     Defendants. | )<br>/ | |

       Plaintiff has submitted a *pro se* civil rights complaint.  Plaintiff's application to proceed *in forma pauperis* (docket #3) is granted.  The court now reviews the complaint.

**I. Screening Standard**

       Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id*. at 327.  The critical inquiry is whether a

constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Southern Desert Correctional Center, has sued the Clerk of the Court, several state judges and state supreme court justices, and a district attorney. Plaintiff mainly appears to complain of his "defective and illegal sentence." For the reasons discussed below, plaintiff's complaint is dismissed.

First, the district attorney and all judges named as defendants in this action are immune from suit based on the principles of either absolute or qualified immunity. With respect to judges: "[c]ourts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075.

With respect to the district attorney, prosecutorial immunity protects eligible government officials when they are acting in their official role as advocate for the State performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello v. Gammick*, 413

F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Prosecutorial immunity does not extend to those actions of a prosecutor that are "administrative" or "investigative" in nature. *See Hartman v. Moore*, 547 U.S. 250, 261-62 n.8 (2006); *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Botello*, 413 F.3d at 975-76; *Genzler*, 410 F.3d at 636. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler*, 424 U.S. at 427, 430-31; *Botello*, 413 F.3d at 975; *Genzler*, 410 F.3d at 636; *KRL*, 384 F.3d at 1110; *Broam*, 320 F.3d at 1028. Here, plaintiff claims that the district attorney "secured an illegal [sentencing] enhancement," engaged in "judge shopping," and filed late documents; thus his allegations against the prosecutor arise from his actions in his official role as advocate for the State. *See also Cousins v. Lockyer*, 568 F.3d 1063, 1068-69 (9th Cir. 2009). Accordingly, all defendant judges and the district attorney are dismissed based on absolute immunity.

With respect to the Clerk of Court, government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, the Supreme Court provided guidance on the application of qualified immunity, explaining that officials are entitled to qualified immunity unless (1) plaintiff alleges facts that show a constitutional violation and (2) it was clearly established at the time of the alleged violation that the conduct was unconstitutional. 533 U.S. 194, 201 (2001). The Supreme Court stressed that the first part of the analysis is the threshold question that courts should address before proceeding to the second part. *Id.* at 207. Plaintiff's allegations against the Grierson, the Clerk, are unclear: "actively engaging in, and/or conspiring to deny information before a duly elected state judge." Plaintiff fails to state a claim against defendant Grierson, and he is dismissed from this action.

Moreover, plaintiff's central claims are that his criminal proceedings were improper, including the imposition of an "illegal" habitual criminal enhancement. However, when a prisoner

challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Further, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff's claims that his criminal proceedings were improper directly relate to the legality or duration of his custody. His sole federal remedy for such claim is a writ of *habeas corpus*. Accordingly, his claims are also subject to dismissal on that basis. Because amendment would be futile, plaintiff's complaint is dismissed with prejudice and without leave to amend.

Plaintiff has also filed a motion to amend his complaint and includes the proposed amendment, which is to add Southern Desert Correctional Center law librarian Kathy Smith as a defendant (docket #2). He claims that Smith refused to provide photocopying for him because he has exceeded the $100 copy limit per administrative regulations. Plaintiff's allegation fails to state a constitutional claim. As amendment of this claim would be futile, plaintiff's motion is denied.

This court further certifies that any *in forma pauperis* appeal of this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed *in forma pauperis* on appeal only if appeal would not be frivolous).

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #3) is **GRANTED.** Plaintiff Arthur J. Brewer, **Inmate No. 92603**, will be permitted to maintain this action to conclusion without prepayment of the full filing fee. Plaintiff will not be

1 required to pay an initial installment of the filing fee. Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Arthur J. Brewer, **Inmate No. 92603** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for court to grant relief as sought by plaintiff (docket #7) is **DENIED**.

**IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis* appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this  4rh  day of  November , 2010.

_____
ROGER L. HUNT
Chief United States District Judge